UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY G. COLONNA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No: |
| vs. | ) | |
| | ) | COMPLAINT PURSUANT TO |
| ILLINOIS MARINE TOWING, INC. | ) | THE AMERICANS WITH |
| | ) | DISABILITIES ACT |
| Defendant, | ) | |

   NOW COMES the Plaintiff, Anthony G. Colonna, by and through his attorney Bradley M. Sayad and for his Complaint against Illinois Marine Towing, Inc. hereby states as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended (the "ADA"), for discrimination based upon a disability. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 1343(4).

2. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

3. Plaintiff, Anthony G. Colonna ("Colonna"), is a citizen of the United States and resides in County of Cook, State of Illinois which is in this judicial district.

4. Defendant, Illinois Marine Towing, Inc. ("IMT"), is an Illinois corporation doing business in Cook County, Illinois which is in this judicial district. IMT acts as a barge transport company. Based on information and belief, IMT employs more than fifteen (15) employees.

## GENERAL ALLEGATIONS

5. Colonna suffers from epilepsy, a neurological disease characterized by epileptic seizures.

6. Colonna has been successfully medicated to control his epilepsy and has not had an epileptic seizure in several years.
7. Colonna has been employed for several years and his epilepsy has never affected his job performance.
8. In or about August, 2015, Colonna applied with IMT for a job as a deckhand.
9. In or about August, 2015, as required by IMT, Colonna underwent a pre-employment physical.
10. Colonna disclosed his epilepsy during the physical and stated that the condition was successfully managed with medication.
11. After reviewing Colonna's physical report, IMT determined that Colonna meet the requirements of the deckhand position and offered Colonna employment.
12. Colonna accepted the offer and began working for IMT on or about August 17, 2015.
13. On or about August 25, 2015, Colonna was telephoned by an IMT employee, Kevin Ceir, and told that Colonna was terminated because of his epilepsy.

## COUNT I – AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12112

14. Plaintiff incorporates paragraphs 1-13.
15. 42 U.S.C. § 12112 provides that "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."
16. Epilepsy is a disability as defined by the ADA. *See Duran v. City of Tampa*, 430 F. Supp. 75 (M.D. Fla 1977.)
17. Colonna is a "qualified individual" as defined in 42 U.S.C. §12111(8).
18. IMT is an "employer" as defined in 42 U.S.C. §12111(5).
19. At the time of his termination Colonna was an "employee" of IMT as defined in 42 U.S.C. §12111(4).
20. Colonna was capable of performing all the duties of a deckhand and did not require any reasonable accommodation to perform these duties. Further, IMT would not be under any undue hardship due to Colonna's employment.

21. IMT's termination of Colonna due to his disability violated the ADA.

22. As a direct and proximate result of IMT's unlawful discrimination, Plaintiff has sustained injuries including but not limited to loss of income, loss of employment benefits and mental anguish in excess of $72,800.00.

WHEREFORE, Plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

1.) Compensatory damages in whatever amount in excess of $72,800.00, exclusive of costs and attorneys' fees;

2.) Punitive damages against Illinois Marine Towing, Inc., in whatever amount Plaintiff is found to be entitled.;

3.) Costs and litigation expenses;

4.) Attorneys' fees;

5.) Any and all other remedies pursuant to the ADA;

6.) Such other and further relief as is appropriate.

/s/ Bradley M. Sayad
Bradley M. Sayad

Bradley M. Sayad
1S443 Summit Ave, Ste 304b
Oakbrook Terrace, IL 60181
Ph: (888) 554-4476
Fx: (888) 999-7294